**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000809
15-DEC-2020
08:07 AM
Dkt. 51 SO**

NO. CAAP-19-0000809

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ROBERT J. IKEDA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTC-19-038647)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Robert J. Ikeda (**Ikeda**) appeals
from the Notice of Entry of Judgment and/or Order and
Plea/Judgment (**Judgment**), entered October 18, 2019, in the
District Court of the First Circuit, Honolulu Division (**District
Court**).[1]  After a bench trial, the District Court convicted Ikeda

---

[1]      The Honorable Wilson M.N. Loo presided.

of Driving Without a License (**DWOL**), in violation of Hawaii Revised Statutes (**HRS**) § 286-102 (Supp. 2019).[2]

Ikeda raises a single point of error on appeal, contending that the evidence was insufficient to support Ikeda's conviction for DWOL.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ikeda's point of error as follows:

Ikeda contends that, because he testified that he did not intend to drive illegally, and he did not do so knowingly or recklessly either, there was insufficient evidence to support the requisite state of mind to convict him. Ikeda's argument is

---

[2]    HRS § 286-102 provides, in relevant part:

> **§ 286-102 Licensing.**    (a) No person, except one:
>
> (1)    Exempted under section 286-105;
>
> (2)    Who holds an instruction permit under section 286-110;
>
> (3)    Who holds a limited purpose driver's license, limited purpose provisional driver's license, or limited purpose instruction permit under section 286-104.5;
>
> (4)    Who holds a provisional license under section 286-102.6;
>
> (5)    Who holds a commercial driver's license issued under section 286-239; or
>
> (6)    Who holds a commercial driver's license instruction permit issued under section 286-236,
>
> shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

premised on the affirmative defense of ignorance or mistake of law, which is set forth in HRS § 702-220 (2014), which provides:

> **§ 702-220  Ignorance or mistake of law; belief that conduct not legally prohibited.**  In any prosecution, it shall be an affirmative defense that the defendant engaged in the conduct or caused the result alleged under the belief that the conduct or result was not legally prohibited when the defendant acts in reasonable reliance upon an official statement of the law, afterward determined to be invalid or erroneous, contained in:
>
> > (1)   A statute or other enactment;
> >
> > (2)   A judicial decision, opinion, or judgment;
> >
> > (3)   An administrative order or administrative grant of permission; or
> >
> > (4)   An official interpretation of the public officer or body charged by law with responsibility for the interpretation, administration, or enforcement of the law defining the offense.

Ikeda does not contend that his belief that he did not need a current license was based on "an official statement of the law" contained in a statute or other enactment, judicial decision, administrative order, or "official interpretation" of the law that was subsequently determined to be invalid or erroneous.  See HRS § 702-220.  Accordingly, the mistake of law defense does not apply, and Ikeda's reliance on his (mistaken) understanding of the law to negate the requisite state of mind fails.  See, e.g., State v. Weeks, CAAP-13-0005779, 2015 WL 709599, *1, (Haw. App. Feb. 18, 2015) (SDO) (rejecting defendant's mistake of law defense that he believed he was not required to renew his driver's license due to certain enactments, where he did not contend that such enactments were "afterward determined to be invalid or erroneous").

3

Ikeda also argues that, unlike the State, he offered direct evidence as to his *mens rea*, or lack thereof, at the time of the offense. Because proving the requisite state of mind by direct evidence in a criminal case is difficult, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. See State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999). "Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." Id. (citations and internal quotation marks omitted).

Here, the citing officer testified, *inter alia*, that on the date of the incident, he saw Ikeda driving, and after the officer stopped him and asked for his driver's license, Ikeda produced an expired driver's license. Ikeda, who did not dispute driving on the date of the incident, or claim any exemptions under HRS § 286-102, testified that his license expired in 2008 and that he understood an expired license is not a valid license. We conclude that, viewing the evidence in the light most favorable to the State, substantial evidence supports the reasonable inference that Ikeda intentionally, knowingly, or recklessly operated a vehicle without a valid license.

Accordingly, the District Court's October 18, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, December 15, 2020.

On the briefs:

William K. Li,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge